UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | Case No. 1:05-CV-01706 |
| Plaintiff, | Judge Ann Aldrich |
| v. | |
| AZZAM AHMED, M.D., et al., | MEMORANDUM & ORDER |
| Defendants. | |

Before the court are defendant Adrienne Filippi's ("Filippi") motion to dismiss [Docket No. 17] and plaintiff State Farm Fire and Casualty Company's ("State Farm") motion for summary judgment [Docket No. 24] on its complaint for declaratory relief against Filippi and defendants Dr. Azzam Ahmed ("Dr. Ahmed") and Azzam N. Ahmed, M.D., Inc. ("WCC"). For the following reasons, the court grants Filippi's motion to dismiss, denies State Farm's motion for summary judgment as moot, declines to exercise jurisdiction over this matter, and dismisses the complaint for lack of subject matter jurisdiction.

Dr. Ahmed, formerly a practicing gynecologist, began treating Filippi as a patient in 2002. Over the course of that doctor-patient relationship, Dr. Ahmed sexually assaulted her, along with a number of other patients. In May 2003, Dr. Ahmed was indicted by a Cuyahoga County Grand Jury for those actions, and he was convicted following a jury trial. In June 2003, Filippi filed a civil action in Ohio state court against Dr. Ahmed and WCC, seeking damages on four claims: (1) assault and battery; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; and (4) negligent selection, retention, training, and monitoring. State Farm, which insured WCC at the time Filippi was assaulted, defended Dr. Ahmed and WCC in that action under a reservation of rights. In June 2005, nearly two years after Filippi filed her action, State Farm filed the instant action, seeking a

declaratory judgment that State Farm need not provide coverage to Dr. Ahmed or WCC in Filippi's state court action, based on the language of the policy as applied to Filippi's claims, as well as Ohio public policy.

After being added as a party defendant to this action, Filippi filed a motion to dismiss, arguing that the court should decline to exercise jurisdiction over State Farm's declaratory action because a judgment in this would require the court to determine factual issues that are and have been litigated in state court for two years before State Farm filed the instant action. The Supreme Court has stated that, "[o]rdinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) (holding that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided").

Judge Katz, in reviewing pertinent Supreme Court and Sixth Circuit precedent, described ten factors for a district court "to consider in determining whether to exercise jurisdiction in a given case." *Empire Indem. Ins. Co. v. Specialized Foster Care Servs., Inc.*, 908 F.Supp. 483, 484 (N.D. Ohio 1995). They are:

>  (1) Whether pending state proceedings present the same issues or underlying facts;
> 
> (2) Whether the claims of all parties in interest can satisfactorily be adjudicated in the state proceeding;
> 
> (3) Whether determination of the issues by a federal court would interfere with the orderly and comprehensive disposition of the issues in state court;
> 
> (4) Whether the declaratory action would settle the controversy;

> (5) Whether the judgment would serve a useful purpose in clarifying and settling the legal relations in issue;
>
> (6) Whether the declaratory judgment action is being used for the purpose or "procedural fencing" or to provide an arena for a race for res judicata;
>
> (7) Whether the judgment would increase friction between federal and state courts and improperly encroach upon state jurisdiction;
>
> (8) Whether there is an alternative remedy which is better or more effective;
>
> (9) Whether the state court affords an adequate remedy; and
>
> (10) Whether the facts underlying the declaratory action are in dispute.

*Id.* at 484-85 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995); *Brillhart*, 316 U.S. at 495-96; *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 277 (6th Cir.1990); *Allstate Ins. Co. v. Green*, 825 F.2d 1061, 1063 (6th Cir.1987); *Am. Home Assurance Co. v. Evans*, 791 F.2d 61, 63 (6th Cir.1986); *Grand Trunk W. R.R. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir.1984)).

In this case, Filippi's pending state court proceeding presents many of the same issues and underlying facts. In order to determine whether State Farm need not provide coverage to Dr. Ahmed or WCC for Filippi's claims, the court must determine what Filippi's claims are and their merit. State Farm's request for relief necessarily involves determining the underlying facts of Filippi's claims so that a coverage determination can be made. While Ahmed's criminal convictions may operate as res judicata against him for Filippi's assault and battery claim, the facts underlying the other three claims in her state court complaint have not been resolved by any court.

While State Farm's specific coverage question will not be determined in state court, the underlying facts that enable determination of coverage will be, and this court should defer to the Ohio state court which has had Filippi's claim for two years longer, and which concerns interpretation of Ohio

law. Determination of the coverage question in this court would "interfere with the orderly and comprehensive disposition of the issues in state court," because a coverage determination necessarily involves determination of common factual issues which would then be res judicata in state court. *Empire Indem. Ins. Co.*, 908 F.Supp. at 484 (citations omitted). More to the point, a declaratory judgment would not settle all issues in controversy, and would preemptively settle some, but not all "legal relations in issue." *Id.* (citations omitted). The alternative – for State Farm to seek determination of the coverage question in the Filippi action, or in separate state court litigation following the resolution of the Filippi action, are preferable to this court's belated interference. As the facts underlying Filippi's claims, and therefore the coverage question posed by State Farm, remain in dispute, and because "the Court finds that Plaintiff has not provided an adequate reason for waiting [two] years to bring this declaratory judgment action in federal court," the court will decline jurisdiction over the case at bar. *ProNational Ins. Co. v. Ramos*, No. 1:05-CV-1240, 2005 WL 1668513, at *3 (N.D. Ohio July 18, 2005).

Therefore, the court grants Filippi's motion to dismiss [Docket No. 17] and dismisses this action entirely for lack of subject matter jurisdiction. State Farm's motion for summary judgment [Docket No. 24] is denied as moot. This order is final and appealable.

IT IS SO ORDERED.

   /s/Ann Aldrich  
ANN ALDRICH  
UNITED STATES DISTRICT JUDGE

**Dated: January 25, 2007**