UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STATE FARM FIRE & CASUALTY COMPANY, | ) ) ) | Case No. 1:05-CV-01706 |
| Plaintiff, | ) ) | Judge Ann Aldrich |
| v. | ) ) ) | |
| AZZAM AHMED, M.D., et al., | ) ) | |
| Defendants. | ) ) ) | MEMORANDUM & ORDER |

Before the court is plaintiff State Farm Fire and Casualty Company's ("State Farm") motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59, or in the alternative for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) [Docket No. 28]. In its January 25, 2007 memorandum and order [Docket No. 26], the court granted defendant Adrienne Filippi's ("Filippi") motion to dismiss [Docket No. 17], exercising the court's discretion and declining to exercise the court's subject matter jurisdiction over this declaratory judgment action, and denying State Farm's motion for summary judgment [Docket No. 24] on its complaint for declaratory relief against Filippi and defendants Dr. Azzam Ahmed and Azzam N. Ahmed, M.D., Inc. as moot.

A motion to alter or amend judgment under Rule 59 may be granted only if there has been: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). State Farm points to no "clear error of law" in the court's January 25 memorandum and order. Indeed, the court considered in its January 25 memorandum and order virtually the same factors considered by the Sixth Circuit in the case cited by State Farm in the instant motion. *W. Am. Ins. Co. v. Prewitt*, No. 05-6944, 2006 WL 3593452, at *2 (6th Cir. Dec. 8, 2006).

State Farm does not cite any "newly discovered evidence" when it points to the same explanation it cited previously for the delay in bringing this action, but the court notes that the Ohio Supreme Court has recently settled the issue of State Farm's intervention in the underlying state court litigation, holding that the denial of State Farm's motion to intervene was not final and appealable so that the trial court's decision not to allow State Farm to intervene is final. *Filippi v. Ahmed*, 112 Ohio St.3d 546, 862 N.E.2d 91, 2007-Ohio-808 (Mar. 14, 2007) (citing *Gehm v. Timberline Post & Frame*, 861 N.E.2d 519 (Ohio 2007)). While that result appears to preclude settlement of the coverage issue in that action, State Farm will still be able to pursue superior alternative remedies. State Farm also does not cite "an intervening change in controlling law," as its citation of *Prewitt* instead confirms that the court correctly examined the controlling law in its January 25 memorandum and order. Finally, State Farm provides no evidence that a "manifest injustice" was wrought when the court exercised its discretion and declined to exercise subject matter jurisdiction over this matter.

Relief under Rule 60(b)(6) is only properly invoked in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). "Such relief, however, should be applied 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of [Rule 60(b)].'" *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998) (citation omitted). In its motion, State Farm at most claims an erroneous factual finding which was not the sole basis for the court's ruling and an erroneous application of the law. Those claims do not constitute "exceptional or extraordinary circumstances" not addressed by the first five clauses of Rule 60(b) or create an "unusual and extreme situation[] where principles of equity mandate relief." *Byers*, 151 F.3d at 578; *Olle*, 910 F.2d at 365. With respect to State Farm's second argument, "[a] claim of strictly legal error falls in the category of 'mistake' under Rule 60(b)(1) and thus

is not cognizable under 60(b)(6) absent extraordinary circumstances." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir.1989) (citation omitted).  State Farm has pointed to no "extraordinary circumstances" to justify relief under Rule 60(b)(6).  *Id.*

Therefore, the court denies State Farm's motion to alter or amend judgment, or in the alternative for relief from judgment [Docket No. 28].

IT IS SO ORDERED.

                                      /s/Ann Aldrich
                                  ANN ALDRICH
                                  UNITED STATES DISTRICT JUDGE

**Dated: March [xx], 2007**

-3-